UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APRIL EDWARDS,

Plaintiff,

-against-

HOMELAND SECURITY, et al.,

Defendants.

1:25-CV-6359 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff April Edwards, who is appearing *pro se*, brings this action invoking the court's federal-question jurisdiction. She seeks "wages owe[ed] through [the] Federal [G]overnment." (ECF 1, at 6.) Plaintiff sues: (1) "Homeland Security"; and (2) Aluta James.

By separate order dated August 28, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action as frivolous.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff states that the places of the events that are the basis of her claims are "Labors & Wages." (ECF 1, at 5.) Plaintiff also states that, between 2021 and 2025, "Administrative Interference – multinational body government – government abuse prolonging [Plaintiff's] wages to go to court to manipulate case." (*Id.*) The injuries that Plaintiff alleges that she has suffered are: "[d]efamation, nepotism, manipulation marriage []civil right and parental rights abuse." (*Id.* at 6.)

## DISCUSSION

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 325. Plaintiff's allegations against a governmental entity and an individual are incoherent. The Court is unable to identify: (1) any

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

legal basis for her claims against the Defendants, or (2) any legal theory on which Plaintiff may proceed against the Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that district court did not err in dismissing claim with prejudice in the absence of any indication that the plaintiff could or would provide additional allegations leading to different result); *see, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court further directs the Clerk of Court to mail a copy of this order to any self-represented party who has not consented to e-service or who has not been granted e-filing.

SO ORDERED.

Dated: NOV 17 2026
New York, New York

George B Daniels
GEORGE B. DANIELS
United States District Judge